UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER DOE,

    Plaintiff,

v.                                                                                       Case No. 8:25-cv-2003-TPB-CPT

SEQUOIA CAPITAL
OPERATIONS, LLC, et al.,

    Defendants.
_____/

**ORDER TO SHOW CAUSE**

This matter is before the Court on Plaintiff's *pro se* complaint, filed on July 30, 2025. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

In this suit, Plaintiff attempts to proceed anonymously, but she has not sought leave of Court to do so. Federal Rule of Civil Procedure 10(a) provides that every pleading "must name all the parties." Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). Although not an absolute rule, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Id.* "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial right which outweighs the

'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id*. at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

The Eleventh Circuit employs a three-factor approach when analyzing a plaintiff's claim of a substantial privacy right. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). The only relevant consideration here appears to be whether denying Plaintiff anonymity would require her to disclose information of utmost intimacy. *See id*. "[C]ourts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Id*. (quoting *Frank*, 951 F.2d at 324).

In light of these concerns, Plaintiff is directed to **SHOW CAUSE**, in writing, as to why the Court should not dismiss the complaint and should instead allow her to proceed anonymously in this case. Her written response should not exceed ten pages, not including any exhibits, and should be filed on or before September 9, 2025. Failure to respond as directed may result in the dismissal of the complaint without prejudice without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE